### ELIZA BACON *versus* REUBEN HARRINGTON.

To constitute the mother of a bastard child a competent witness, in a complaint
under the statute for the maintenance of bastard children, it is necessary that she
should accuse the defendant of being the father, in the time of her travail and
before the child is born.

THIS was a writ of *certiorari* to the Municipal Court, in
the case of a complaint under *St.* 1785, *c.* 66, § 2, for the
maintenance of a bastard child. It was objected, that the
judge of that court decided, that an accusation made by the
complainant after the child was born, but before the removal
of the afterbirth, charging the defendant with being the father,
was not made in season to entitle her to be a witness.

*April 6th.*    *Washburn*, for the complainant, cited 2 Dane's Abr. 517 ;
*Commonwealth* v. *Cole*, 5 Mass. R. 517.

*S. D. Parker*, *contrà*, referred to the same case, and to
*Drowne* v. *Stimpson*, 2 Mass. R. 443.

*April 9th.*    PARKER C. J. delivered the opinion of the Court. The
question upon this record is, whether the judge of the Muni-
cipal Court erred in rejecting the testimony of the complain-
ant, on the ground that she was not put upon the discovery
of the father of the child during her travail. And it is argued
that he did err, because there was proof, by the testimony of
the physician who assisted her in her peril, that the time of
travail, in the opinion of physicians, continues after the birth
of the child, and that he put her upon the discovery and
received her declaration within that period.

If the judge had been called upon to decide what is the
true time of travail, either in a popular or a technical sense,
the testimony given should have been held conclusive, it not
being opposed by any other testimony. But he was to as-
certain the meaning of the legislature, in the use of that
phrase, from the statute itself ; and looking to that, there can
be no doubt he decided correctly. The woman, in order to
be a competent witness at the trial, is required, being put
upon the discovery of the truth respecting the accusation in
the time of her travail, to accuse the person of being the
father of the child of which *she is about to be delivered.* This

sufficiently shows that the legislature considered her travail, for the purpose of such examination, to cease with the birth of the child. And considering that in the prosecution the mother has a deep pecuniary interest, and that there is little chance of escaping the effect of her testimony if admitted as competent, we can perceive good reason for the legislature to require it should be compensated by a solemn declaration at that perilous crisis, when, if ever, the mind will be most fearful of uttering a falsehood.[1]

---

[1] See Revised Stat. *c.* 49, § 3; *Maxwell* v. *Hardy*, 8 Pick. 560 ; *Tillson* v. *Bowley*, 8 Greenl. 163; *Dennett* v. *Keeland*, 6 Greenl. 460 ; *Judson* v. *Blanchard*, 4 Connect. R. 557; *R. R.* v. *J. M.*, 3 N. Hamp. R. 135.

In Connecticut, in a suit by the town for the support of a bastard child, the mother, though a competent witness and in court, need not be produced *Chaplin* v. *Hartshorne*, 6 Connect. R. 41.